UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

                                                                              CASE NO. 16-22839

LUIS BREA ,

                                                                              CHAPTER 13 PLAN
                              Debtor.

--------------------------------------------------------x

      Plan Definitions:       If this is a joint case, use of the term Debtor shall also mean Debtors.  The term Trustee shall always refer to Jeffrey L. Sapir, the Chapter 13 Standing Trustee for this court, or his substitute.  The term Bankruptcy Rule shall refer to the Federal Rules of Bankruptcy Procedure.  The term Local Rule shall refer to the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of New York.  The term Petition refers to Debtor's bankruptcy petition filed with the court on June 21, 2016, the term Real Property Used as a Principal Residence includes cooperative apartments.

      In all respects, this Plan shall comply with the provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

Section A  The future earnings of Debtor are submitted to the supervision and control
Plan Payments and of the Trustee.  Debtor will make the first Plan payment no later than
Payment Duration thirty (30) days after the date this Petition was filed.  The Debtor shall make <u>60</u> monthly payments to the Trustee as follows:

| $ 100  Each month | from July 2016 | through June  2021 |
|---|---|---|
|  |  |  |
|  |  |  |

        ■ Lump-sum payment(s) in the following amount(s):

        Tax refunds as follows:  100 %.

Pursuant to 11 U.S.C. ' 1325(b)(4), the applicable commitment period is 60  months.

Payment Terms      The Debtor will pay the amounts listed above to the Trustee by bank check, certified check, teller's check, or money order sent to the following address:

Jeffrey L. Sapir, Esq., Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, New York  10603

OPTIONAL:  Debtor may pay his or her Plan payments to the Trustee by way of an employer pay order, pursuant to 11 U.S.C. 1325(c).  If Debtor selects this option, please check here:

Upon selecting this option, Debtor hereby consents to the immediate entry of an order directing Debtor=s employer to deduct from Debtor=s wages the amount specified in this section and transmit that amount directly to the Trustee on Debtor=s behalf.  Debtor also agrees to notify the Trustee immediately upon change or termination of employment.  A proposed order outlining Debtor=s intention shall be submitted to the court for consideration upon the filing of this Plan.

   Non-Debtor Contributions.  Identify the source and monthly amount to be contributed to the Plan from any person or entity other than the Debtor (a ANon-Debtor Contributor@):_____.

Prior to confirmation of this Plan, each Non-Debtor Contributor must either (1) file an affidavit with the court confirming the amounts that will be contributed to the Plan or (2) consent to entry of an employer pay order for the amount to be contributed to the Plan.

| | |
|---|---|
| Section  B<br>Trustee=s Fee | Pursuant to 28 U.S.C. 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%. |
| Section C<br>Loss Mitigation<br>(Optional)<br><br>This Section Applies only to the Debtor=s Real Property Used as a Principal Residence. | ■  By checking this box, the Debtor expresses an interest in discussing loss mitigation (such as a loan modification, loan refinance, short sale, or surrender in full satisfaction) concerning the Debtor=s Real Property Used as a Principal Residence.  List the property and/or the Secured Creditor(s) below:<br><br>Secured Creditor:<br><br>Property Description:<br><br>The Debtor hereby permits the Secured Creditor(s) listed above to contact (check all that apply):<br><br>☐ The Debtor directly.<br>■ Debtor's bankruptcy counsel.<br>    Other:_____ |

Secured Creditor:  Internal Revenue Service

2

Type of Debt:

Amount Owed:

Secured Creditor:

Type of Priority Debt:

Amount Owed

(Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions. Any agreement reached during the loss mitigation discussions may be approved pursuant to an amended plan, and the terms may be set forth in Section H, below.)

| | |
|---|---|
| Section D<br><br>Treatment of Claims<br><br>□ See Section H Varying Provisions | Except as otherwise ordered by the court, the Trustee will make disbursements to creditors after the court enters an order confirming this Plan. Unless otherwise provided in Section H (below), disbursements by the Trustee shall be pro rata as outlined below. |
| Category 1<br><br><br><br>■ Not Applicable | Attorney's Fees. Counsel for the Debtor has received a pre-petition payment of $3,500.00, to be applied against fees and costs incurred. Fees and costs exceeding the retainer in the amount of $5,000.00 shall be paid from funds held by the Chapter 13 Trustee as an administrative expense after application to and approval by the court pursuant to Bankruptcy Rule 2016. |
| Category 2<br><br>Claims Secured by a Mortgage on the Debtor's Real Property Used as a Principal Residence<br><br>□ Not Applicable<br><br>See Section H, Varying Provisions | Category 2 applies only to claims secured by a mortgage on the Debtor's Real Property Used as a Principal Residence.<br><br>Category 2 Definitions: For the purposes of this Category 2, any reference to the term Secured Creditor means mortgagees, a creditor whose interest is secured by a mortgage on Debtor's real property, a holder and/or servicer of a claim secured by a lien, mortgage and/or deed of trust and/or any other similarly situated creditor, servicing agent and/or their assigns. The term Mortgage shall include references to mortgages, liens, deeds of trust and any other similarly situated interest in the Debtor's Real Property Used as a Principal Residence. The term Contract shall refer to any contract or similar agreement pertaining to the Mortgage. The term Prepetition Arrearages shall refer to an amount owed by the Debtor to the Secured Creditor prior to the filing of Debtor's petition. The term Post-Petition Payment means any payment that first becomes due and payable by the Debtor to the Secured Creditor after the filing of the petition pursuant to the Mortgage or Contract. |

Confirmation of this Plan shall impose an affirmative duty on the Secured Creditor and Debtor to do all of the following, as ordered:

(a) Prepetition Arrearages.

(i) For purposes of this Plan, Pre-petition Arrearage shall include all sums included in the allowed claim and shall have a balance upon entry of the

Discharge Order in this case.  In the event that a Secured Creditor listed in this section fails to timely file a proof of claim in this case, by this Plan the Debtor shall be deemed to have timely filed a proof of claim on behalf of each such Secured Creditor pursuant to 11 U.S.C.  501(c), in the amount set forth
below in Section D, Category 2(a)(iv).

(ii) No interest will be paid on Pre-petition Arrearage unless otherwise stated. (iii)

Payments made by the Trustee on Debtor=s Pre-petition Arrearage shall be applied only to those Pre-petition Arrearage and not to any other amount owed by Debtor to the Secured Creditor.

(iv) Information Regarding the Arrearage.

First  Secured  Creditor:

Property Description:

Value of Collateral:

Valuation Method:

Arrearage Amt.

Arrearage Owed as of:


(v) If Debtor pays the amount(s) specified in section (iv) (above), while making all required Post-Petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor=s petition.


(b) Post-Petition Payments.


Debtor shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

First  Secured  Creditor:
Property Description:

4

Address Where Payments Will Be Sent:
Payment Amt.:

Payment Timing:

A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E(1), below, with regard to any Notice of Contract Change (as defined in Section E(1)). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

(c) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.

If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

(d) Important Additional Provisions.

Secured Creditors in Category 2 must comply with the Additional Terms Applicable to Creditors and Secured Creditors in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the Mortgage; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor's case; or (3) any claim for compensation of services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case. Failure to comply with Section E may result in disallowance of such claims.

| | |
|---|---|
| Category 3 Executory Contracts & Unexpired Leases<br><br>☐ Not Applicable.<br><br>☐ See Section H Varying Provisions | Pursuant to 11 U.S.C. 1322(b), Debtor assumes or rejects the following unexpired lease(s) or executory contract(s). For an executory contract or unexpired lease with an arrearage to cure, the arrearage will be cured in the Plan with regular monthly payments to be paid directly to the creditor or landlord (Creditor) by the Debtor. The arrearage amount will be adjusted to the amount set forth in the Creditor's proof of claim, unless an objection to such amount is filed, in which event it shall be adjusted to the amount allowed by the court.<br><br>(a) Co-op Lease<br><br>(b) _Rejected._             None.<br>Creditor & Property Description |

5

Estimated Arrearage Amount

(c) Post-Petition Payments for Assumed Executory Contracts and Unexpired Leases.

Debtor shall make the following Post-Petition Payments directly to:

Creditor & Property Description:

Secured Creditor:
Property Description:

Payment Amount Payment Timing: $

Address Post-Petition Payments will be sent:

A Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E(1), below, with regard to any Notice of Contract Change (as defined in Section E(1)). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

(d) Important Additional Provisions.

Creditors in Category 3 must comply with the Additional Terms Applicable to Creditors and Secured Creditors in Section E, below, regarding any of the following: (1) any claim for additional amounts during the pendency of the Debtor=s case due to a change in the terms of the executory contract or unexpired lease; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor=s case; or (3) any claim for compensation of services rendered or expenses incurred by the Creditor during the pendency of the Debtor=s case. Failure to comply with Section E may result in disallowance of such claims.

Category 4

Category 4 Definitions: The term Secured Claim shall refer to claims

| | |
|---|---|
| Property and Real Property Not Used this as Debtor's Principal Residence | secured by personal property, a combination of personal and real property, and real property not used as the Debtor's principal residence. For purposes of Category 4, any reference to the term Secured Creditor shall include, in addition to the definition of Secured Creditor in Category 2, any creditor whose interest is secured by an interest in any of the Debtor's property. |

(b) Adequate Protection.

If applicable, adequate protection shall be provided as follows:_____

(c) Post-Petition Payments.
Debtor shall pay the following Post-Petition Payments directly to the Secured Creditor listed below during the pendency of the Plan:

<u>Secured Creditor & Property Description</u>

<u>Payment Amount</u>
<u>Payment Timing</u>

A Secured Creditor receiving Post-Petition Payments directly from the Debtor pursuant to this section must comply with Section E(1), below, with regard to any Notice of Contract Change (as defined in Section E(1)). The Debtor shall make the Post-Petition Payments in the amount set forth on the most recent Notice of Contract Change.

(d) Return and/or Reallocation of Distribution Payment Made to Secured Creditor.

If a Secured Creditor withdraws its claim, the sum allocated towards the payment of the Secured Creditor's claim shall be distributed by the Trustee to Debtor's remaining creditors. If the Secured Creditor has received monies from the Trustee (Distribution Payment) and returns those monies to the Trustee, the monies returned shall be distributed to the Debtor's remaining creditors. If Debtor has proposed a plan that repays his or her creditors in full, then these monies will be returned to the Debtor.

(e) Important Additional Provisions.

Secured Creditors in Category 4 must comply with the Additional Terms Applicable to Creditors and Secured Creditors in Section E, below, regarding the following: (1) any claim for additional amounts during the pendency of the Debtor's case due to a change in the terms of the Contract; (2) any claim for Outstanding Obligations (defined below) that may arise during the pendency of the Debtor's case; or (3) any claim for compensation of

8

services rendered or expenses incurred by the Secured Creditor during the pendency of the Debtor's case. Failure to comply with Section E may result in disallowance of such claims.

| Category 5 Priority, Unsecured Claims | All allowed claims entitled to pro rata priority treatment under 11 U.S.C. ' 507 shall be paid in full in the following order: |

☐ Not Applicable

a) Unsecured Domestic Support Obligations.

9 See Section H, Varying Provisions.

Debtor shall remain current on all such obligations that come due after filing the Debtor's Petition. Unpaid obligations incurred before the Petition date are to be cured by the Plan payments.

| Category 6 Codebtor Claims | Category 6 Definition: The term Codebtor refers To_____. |

Not Applicable

The following Codebtor claims are to be paid pro rata until the allowed amounts of such claims are paid in full.

☐ See Section H, Varying Provisions.

Creditor:

Codebtor Name:

Estimated Debt Amount:

| Category 7 | Allowed unsecured, nonpriority claims shall be paid pro rata from the balance of payments made under the Plan. |

Nonpriority, Unsecured Claims.

☐ Not Applicable o
See Section H, Varying Provisions.

9

| | |
|---|---|
| Section E<br>Additional Terms<br>Applicable to<br>Creditors and<br>Secured Creditors | Section E Definitions: The definitions in Section D also apply to this Section. The term Agreement includes any executory contract, unexpired lease, Mortgage (as defined in Section D) or Contract (as defined in Section D).<br><br>(1) Notice of Contract Change.<br><br>(a) At any time during the pendency of Debtor=s case, a Creditor or Secured Creditor must file on the Claims Register and serve upon the Trustee, Debtor, and Debtor=s counsel (if applicable), at least thirty (30) days before the change is to take place, or a payment at a new amount is due, a notice (the Notice of Contract Change) outlining any change(s) in the amount owed by Debtor under any Agreement, including any change(s) in the interest rate, escrow payment requirement, insurance premiums, change in payment address or other similar matters impacting the amount owed by Debtor under such Agreement (each a Contract Change). Additional amounts owed by the Debtor due to a Contract Change may be disallowed by the Court to the extent the amounts (i) were not reflected in a Notice of Contract Change filed as required by this subsection, and (ii) exceed the amount set forth in the proof of claim filed by the Creditor or Secured Creditor or deemed filed under this Plan.<br><br>(b) Within thirty (30) days of receipt of the Notice of Contract Change (defined above), Debtor shall either adjust the Post-Petition Payment to the amount set forth in the Notice of Contract Change, or file a motion with the court, objecting to the payment amount listed in the Notice of Contract Change and the stating reasons for the objection.<br><br>(2) Notice of Outstanding Obligations.<br><br>(a) At any time during the pendency of the Debtor's case, a Creditor or Secured Creditor shall file on the Claims Register and serve upon the Trustee, Debtor, and Debtor=s counsel (if applicable) a notice containing an itemization of any obligations arising after the filing of this case that the Creditor or Secured Creditor believes are recoverable against the Debtor or against the Debtor=s property (the Outstanding Obligation). Outstanding Obligations include, but are not limited to, all fees, expenses, or charges incurred in connection with any Agreement, such as any amounts that are due or past due related to unpaid escrow or escrow arrearage; insurance premiums; appraisal costs and fees; taxes; costs associated with the maintenance and/or upkeep of the property; and other similar items. Within thirty (30) days after the date such Outstanding Obligations were incurred, a Notice of Outstanding Obligations shall be filed on the Claims Register, sworn to by the Creditor or Secured Creditor pursuant to 28 U.S.C. 1746, referencing the paragraph(s) |

1

(or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses.

(b) The Debtor reserves the right to file a motion with the court, objecting to the amounts listed in the Notice of Outstanding Obligations and stating the reasons for the objection. The bankruptcy court shall retain jurisdiction to resolve disputes relating to any Notice of Outstanding Obligations.

(3) Application for Reimbursement of Costs and Fees of Professionals.

Pursuant to Bankruptcy Rule 2016 and Local Rule 2016-1, a Creditor or Secured Creditor must file an application with the court if it wishes to be compensated from the Debtor or the estate for services rendered or expenses incurred by its professionals after Debtor=s filing of this Petition and before the issuance of the Notice of Discharge. The application shall include a detailed statement setting forth (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. The application shall include a statement sworn to by the Creditor or Secured Creditor pursuant to 28U.S.C. 1746 that references the paragraph number(s) (or specific section(s) and page number(s)) in the Agreement that allows for the reimbursement of the services and/or expenses. A Creditor or Secured Creditor may request approval of multiple fees and expenses in a single application, and any application under this subsection must be filed not later than thirty (30) days after the issuance of the Notice of Discharge in this case. Failure to comply with the provisions in this subsection may result in disallowance by the Court of such fees and expenses. The Debtor reserves the right to object to any application filed under this subsection. This subsection will not apply to the extent that the court has previously approved a Creditor or Secured Creditor=s fees or expenses pursuant to an order or conditional order.

| | |
|---|---|
| Section F<br>Lien Retention | Except those expunged by order after appropriate notice pursuant to a motion or adversary proceeding, a Secured Creditor shall retain its liens as provided in 11 U.S.C. 1325(a). |
| Section G<br>Surrendered<br>Property | Debtor surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the court, bankruptcy stays are lifted as to the collateral to be surrendered. |
| ☐ Not Applicable | Claimant:<br><br>Property To Be Surrendered: |
| Section H | The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G): |

10

Section I

Operating Reports
And Tax Refunds

(1) Tax Returns. While the case is pending, the Debtor shall timely file tax returns and pay taxes or obtain appropriate extensions and send a copy of either the tax return or the extension to the Trustee pursuant to 11 U.S.C. ' 521(f) within thirty (30) days of filing with the taxing authority.

(2) Operating Reports. If Debtor is self-employed or operates a business either individually or in a corporate capacity, Debtor shall provide the Trustee with monthly operating reports throughout the entirety of the case.

(3) Tax Refunds. The Debtor may voluntarily elect to contribute tax refunds as lump-sum payments in Section A of this Plan. Unless the Debtor has proposed a plan that repays his or her creditors in full, the court may order the Debtor to contribute a portion of the tax refunds to the Plan. The amount to be contributed shall be determined by the court on a case-by-case basis.

Section J

Funding Shortfall

Debtor will cure any funding shortfall before the Plan is deemed completed.

Section K
Debtor's Duties

(1) Insurance. Debtor shall maintain insurance as required by law, contract, security agreement or Order of this court.

(2) Payment Records to Trustee. Debtor shall keep and maintain records of payments made to Trustee.

(3) Payment Records to Secured Creditor(s). Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).

(4) Donation Receipts. Where applicable, Debtor shall keep a record of all charitable donations made during the pendency of this case and maintain receipts received.

(5) Domestic Support Obligation(s). Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other court=s order. The Debtor must also complete and sign the Certification Regarding Domestic Support Obligations required by General Order M-338. The Certification should be returned to the Trustee when submitting the last payment under this Plan.

(6) Change in Address. Debtor must notify the court and the Trustee if the address or contact information changes during the pendency of the case. Notification must be made in writing within fifteen (15) days of when the change takes place .

(7) Disposal of Property. Debtor shall not sell, encumber, transfer or otherwise dispose of any Real Property or personal property with a value of more than $1,000 without first obtaining court approval.

11

Debtor's Signature    Dated: Astoria, New York

*s/ Luis Brea*
Luis Brea

7/5/16
Dated

Attorney's Signature    S/Norma E. Ortiz, Esq    7/5/16
Attorney for Debtor    Date

Attorney Certification    I, the undersigned attorney for the Debtor, hereby certify that the foregoing chapter 13 Plan conforms to the pre-approved chapter 13 plan promulgated pursuant to pursuant to General Order M-362, dated November 26, 2008.

S/Norma E. Ortiz, Esq.    7/5/16
Attorney for Debtor    Date